IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DREW C. HARTLEY,
      Plaintiff,

vs.                             Case No.: 3:13cv488/MCR/EMT

R. COMERFORD, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Drew C. Hartley ("Plaintiff") is an inmate confined by the Florida Department of Corrections ("FDOC"). R. Comerford, G. Steidl, Butler, and Jenks (together, "Defendants") are FDOC employees whom Plaintiff named as Defendants in his small claims action filed in state court seeking relief pursuant to 42 U.S.C. §§ 1983, 1985 and Fla. Stat. § 768.28[1] (doc. 4-1 at 97).[2] Butler and Steidl were served with process on August 1, 2012, and R. Comerford and Jenks were served on August 8, 2013 (*see id.* at 1). On September 9, 2013, Defendants filed a Notice of Removal of Plaintiff's state action to this federal forum. Now pending is Plaintiff's motion to remand this action to state court, timely filed on October 9, 2013 (doc. 12 at 1),[3] to which Defendants have responded in opposition (doc.15). The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See*

---

[1] Case No. 2013-SC-642, filed in the County Court of the First Judicial Circuit, in and for Santa Rosa County, Florida.

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

[3] Although the motion was docketed on October 11, 2013, it was signed, and therefore deemed filed, on October 9, 2013, pursuant to the "prison mailbox rule." Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Upon consideration, the undersigned recommends that Plaintiff's motion to remand be denied.

**Discussion**

Plaintiff apparently concedes, as he must given that he asserts claims pursuant to § 1983 and § 1985, that federal question jurisdiction exists. *See* 28 U.S.C. § 1441(a–c).[4] Plaintiff's arguments for remand, in the order in which the court addresses them, are: 1) removal was untimely commenced; 2) the notice of removal is procedurally defective because it is "unsigned"; 3) removal was initiated by an attorney who was not of record and therefore the removal is invalid; 4) removal was "commenced by fraudulent practice, to include non-compliance of service of process and false representation given to the U.S. District Court"; 5) removal contravenes equal protection and interferes with Plaintiff's right of access to the courts; 6) removal "runs afoul of Florida's well-established public policy of having disputes resolved on the merits and also contravenes the principles of federalism, comity, and Plaintiff's forum right"; 7) removal "is inappropriate for Florida small claims purposes, results in an inconvenient forum, and fails to invoke supplemental jurisdiction"; and 8) Plaintiff is a "three-strike" litigant under 28 U.S.C. § 1915(g) who is barred in the future from proceeding in forma pauperis; thus, Plaintiff "has no appellate process in a federal forum." (doc. 12 at 1–2). Discussing Plaintiff's arguments only to the extent warranted, the court concludes that none of them has merit.

<u>Removal Was Timely</u>

The statutory requirements for removal should be treated as being procedural, not jurisdictional, in nature. *See* <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386, 1391 (11th Cir. 1997). Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

---

[4] 28 U.S.C. § 1441(a–c) provides in relevant part that "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court embracing the place where such action is pending. . . . Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . . Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.")

pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  The thirty-day time period set forth in § 1446(b) is strictly construed.  *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).  In cases in which there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to federal court.  28 U.S.C. § 1446(b)(2)(A).  Each defendant has thirty (30) days after receipt by, or service on, that defendant of the initial pleading or summons to file the notice of removal.  28 U.S.C. § 1446(b)(2)(B).  If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.  28 U.S.C. § 1446(b)(2)(C).

Plaintiff's timeliness argument may be summarily dispatched.  Plaintiff contends the notice of removal, filed September 9, 2013, was untimely because it was filed more than thirty (30) days from the date of service of the complaint upon Defendants Steidl and Butler (doc. 12 at 5–7).  While it is true that Defendants Steidl and Butler were served with process on August 1, 2013, or more than thirty days prior to the filing of Defendants' notice of removal on September 9, 2013, the notice nevertheless was timely because it was submitted within thirty days of service upon the later-served Defendants, Comerford and Jenks, on August 8, 2013 (doc. 4-1 at 1).[5]  Further, Defendants' notice demonstrates that all four of these Defendants consented to removal (*id.*).  Removal was timely.

<u>The Notice of Removal Was Properly Signed Electronically</u>

Plaintiff also asserts that Defendants' notice of removal is invalid because it lacks an original signature by David W. Grimes, Defendants' attorney.

The notice of removal filed in the federal forum requires the signature of the attorney for the defendant.  *See* § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of

---

[5]  The court notes that although Plaintiff recently asserted his untimeliness argument unsuccessfully in another action removed to this court by defendants employed by the FDOC, <u>Hartley v. Waitman</u>, Case No. 3:13cv469/LAC/EMT, he elected to raise it again in this action.

Civil Procedure . . ."); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").  Under the Local Rules of this court, the "[u]se of the Filing User's login user name and password, either by the Filing User or by someone authorized to act on behalf of a Filing User, to file a document electronically is the legal equivalent of the Filing User's original signature on the document filed and is, for all purposes, the signature of the Filing User required by Fed. R. Civ. P. 11, the Federal Rules of Civil and Criminal Procedure, these Local Rules, and any other purpose for which a signature is required in connection with proceedings before the court." *See* N.D. Fla. Loc. R. 5.1(A)(7).  As Defendants' notice of removal pursuant to § 1446(a) was properly signed electronically by Mr. Grimes (or someone authorized to act on his behalf), Plaintiff's argument is meritless.  *See* Lauderdale v. Tucker, No. 5:13cv168/WS/CJK, 2013 WL 3441025 (N.D. Fla. 2013).

The Notice of Removal Pursuant to 28 U.S.C. § 1446(d) Is Valid

Plaintiff contends that removal was unauthorized and invalid because it was commenced "by an attorney not of record" (doc. 12 at 2–5).  Plaintiff argues that Mr. Grimes violated Fla. R. Jud. Admin. 2.505(e),[6] when he filed a notice of removal in the state court without having first filed a notice of appearance in the case, rendering the state court notice of removal a nullity (*id.* at 5).  In support of his position, Plaintiff cites, *inter alia*, Bortz v. Bortz, 675 So. 2d 622 (Fla. 1st DCA 1996) (finding that motion for rehearing filed by substitute attorney who had not complied with rule for substitution of counsel was a nullity and thus the motion could not be considered by trial court), and Pasco County v. Quail Hollow Properties, Inc., 693 So. 2d 82 (Fla. 2d DCA 1997) (applying

---

[6] Fla. R. Jud. Admin. 2.505(e)(1)–(3), provides:  An attorney may appear in a proceeding in any of the following ways:

(1) By serving and filing, on behalf of a party, the party's first pleading or paper in the proceeding.

(2) By substitution of counsel, but only by order of court and with written consent of the client, filed with the court.  The court  may condition substitution upon payment of, or security for, the substituted attorney's fees and expenses, or upon such other terms as may be just.

(3) By filing with the court and serving upon all parties a notice of appearance as counsel for a party that has already appeared in a proceeding pro se or as co-counsel for a party that has already appeared in a proceeding by non-withdrawing counsel.

reasoning of <u>Bortz</u> to find motion to dismiss filed by additional attorney who had not complied with rule for additional counsel a nullity). In response, Defendants first contend that representation in this matter was undertaken by the Florida Office of the Attorney General and that Mr. Grimes and the attorney who appeared in the state court action serve as Attorney General Pamela Jo Bondi's agents (doc. 15 at 2). According to Defendants, Attorney General Bondi has been counsel of record throughout the state and federal proceedings, during which entire time the Office of the Attorney General has maintained authority to act on Defendants' behalf. Defendants also argue that Plaintiff cannot attempt to enforce in this federal court provisions of the Florida Rules of Judicial Administration but even if there was a defect regarding Mr. Grimes' appearance in state court affecting the proceedings in this court, it was cured on October 25, 2012, when Mr. Grimes "entered a Formal Notice of Appearance as Co-Counsel in the Santa Rosa county case, which has been followed by a Second Notice of Removal to Federal Court in the Santa Rosa county case." (*id.* at 3).[7] According to Defendants, while Plaintiff is correct that some Florida courts have concluded that any paper filed by counsel who has not yet appeared is a nullity, other courts have disagreed. In support, Defendants point to <u>Hicks v. Hicks</u>, 715 So. 2d 304, 305 (Fla. 5th DCA 1998) (declining to follow <u>Bortz</u> or <u>Pasco County</u> and concluding that papers at issue were not a nullity; "once full compliance with the rule has been accomplished . . . a better view of the situation would be to hold that the pleadings filed on the client's behalf are legally effective, retroactively or nunc pro tunc.").

Plaintiff's challenge is fairly characterized as an attack on the validity of the notice of removal filed in state court pursuant to § 1446(d).[8] This section provides that "[p]romptly after the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to

---

[7] The court takes judicial notice of the filing of a notice of appearance and a notice of removal by Mr. Grimes on October 25, 2013, in the state court case. *See* http://www.santarosaclerk.com (database maintained by Santa Rosa County Clerk of Court) (last viewed November 4, 2013). *See also* Fed. R. Evid. 201 (governing judicial notice of adjudicative facts).

[8] The court nevertheless also notes that there was no procedural irregularity under § 1446(a) concerning Defendants' notice of removal. Mr. Grimes, in his capacity as an Assistant Attorney General of the State of Florida, is an attorney of record representing Defendants before this federal court, and he signed the notice of removal in accordance with the requirements of Rule 11 (*see* doc. 1 at 2). Although Defendants did not file with their September 9, 2013, notice of removal copies of all process, pleadings, and orders served upon them, as required by § 1446(a) (*see* doc. 1), these papers were filed on September 17, 2013 (*see* doc. 4). Such filing was within the ten-day window permitted by N.D. Fla. Loc. R. 7.2(A).

all adverse parties and shall file a copy of the notice with the clerk of such State court, . . . ." While a removing defendant's failure to promptly give notice under § 1446(d) will not affect a district court's jurisdiction over a case, the failure constitutes a procedural defect which could justify granting a timely motion to remand. *See* <u>Peterson</u>, 124 F.3d at 1395.

The court first notes that Defendants cite no authority for their contention that Attorney General Bondi, rather than her agents through whom she acts, should be considered counsel of record in the state and federal proceedings, such that Mr. Grimes' failure to file a notice of appearance in the state court proceeding before filing the notice of removal there is of no moment. While the court agrees that the Office of the Attorney General can be said to have represented Defendants in this case since its initiation, it cannot be correct that state courts can or do excuse Assistant Attorney Generals from filing individual notices of appearance pursuant to Fla. Jud. Admin. R. 2.505(e) or otherwise complying with the applicable rules of procedure. Nevertheless, assuming a procedural defect existed in the initial notice filed under § 1446 due to Mr. Grimes' failure to first enter an appearance, which appears to be the case, the court concludes that Defendants should be entitled to cure this defect and have satisfactorily done so.

First, Defendants may cure the procedural defect in their notice of remand in the state court even though the thirty-day period for removing has elapsed and Plaintiff has filed a motion to remand. *See* <u>Miller v. All Star, Inc.</u>, No. 1:09-cv-03551-JOF, 2010 WL 1410554, at *3 (N.D. Ga. 2010) (concluding that procedural defect of failure to comply with § 1446(a) by not attaching summons and process forms to notice of removal could be cured after thirty-day period for removal had expired), citing <u>Covington v. Indemnity Ins. Co.</u>, 251 F.2d 930 (5th Cir. 1958).[9] Next, if the rationale of <u>Hicks</u>, *supra*, is applied, the original notice of removal is not a nullity, and because Mr. Grimes has now complied with Rule 2.505(e)(3) by entering a notice of appearance in the state court, the notice of removal should be considered legally effective, retroactive to September 9, 2013, the date of

---

[9] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

removal.[10]  Even if the rationale of <u>Bortz</u>, *supra*, and <u>Pasco County</u>, *supra*, is followed instead, and the notice of removal under § 1446(d) filed September 9, 2013, is a nullity, that procedural defect was adequately cured by Mr. Grimes' submission of a notice of appearance on October 25, 2013, which was filed concurrently with a second § 1446(d) notice of removal.  It is significant that, unlike other provisions of § 1446, subsection (d) does not provide a specific time limit for filing the notice of removal.  Rather, it requires simply that the notice to the adverse parties and the state court be filed "promptly."  § 1446(d).  Whether notice has been given "promptly" will depend upon the circumstances of an individual case.  *See* <u>Ynoa v. Kutner</u>, No. 10 Civ. 5398 (NRB), 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011) (collecting cases) ("[S]everal courts [in the Second Circuit] have held that delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand."); <u>Calderon v. Pathmark Stores, Inc.</u>, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) ("[W]here, as here, the [month-long] delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand.").

In the instant case, approximately seven weeks elapsed between the filing of the initial notice of removal in the state court and the second notice, during which time the state court took no action of a substantive nature.  Accordingly, this court concludes that any procedural defect was harmless.  Additionally, other courts have found that when there is a good faith effort to give notice and when the plaintiff suffers no prejudice as a result of the failure to give proper notice, the requirements of §1446(d) are satisfied.  *See* <u>Titan Finishes Corp. v. Spectrum Sales Group</u>, 452 F. Supp. 2d 692 (E.D. Mich. 2006); <u>Alston v. Sofa Express, Inc.</u>, No. 2:06–cv–491, 2006 WL 3331685, *at 2 (S.D. Ohio 2006).  Plaintiff does not allege that he did not timely receive the September 9, 2013, notice of removal, and it appears he in fact did receive it soon after it was filed.  Nor does he assert that he

---

[10]  Under the facts of this case, the court believes the <u>Hicks</u> rationale, which seems sensible and pragmatic, is the better approach.  The <u>Hicks</u> court noted that enforcing a strict interpretation of Rule 2.505(e) could have harsh results "if applied to cases in which the Rules of Judicial Administration have been fully complied with, although belatedly, and all parties' and the courts' rights to know and to be represented are sufficiently protected.  There is no good reason to proclaim that a lawyer's premature actions, taken in the best interest of the litigant, have no legal effect."  <u>Hicks</u>, 715 So. 3d at 306.

suffered any prejudice as the result of the allegedly ineffective notice he received. Additionally, it is clear that Defendants made a good faith effort to provide notice to Plaintiff, both with respect to the September 9, 2013, notice and the October 25, 2013, notice. For all of the foregoing reasons, the court concludes that Plaintiff's contention that removal was unauthorized because it was commenced "by an attorney not of record" fails.

Removal Was Not Commenced by "Fraudulent Practice"

Plaintiff complains that in removing this action Defendants should have provided, but failed to provide, photocopies to him of the documents filed in state court as attachments to the notice of removal. Therefore, according to Plaintiff, "service of process is incomplete" (doc. 12 at 7). Section § 1446(d) provides only that all parties must be served with a copy of the notice of removal; it does not require that copies of the state court docket be attached. Plaintiff should have already had in his possession copies of the documents he filed or that Defendants served on him in the state court action. Moreover, Defendants filed the entire state court record electronically in this court on September 17, 2013 (doc. 4). If Plaintiff desired additional copies of those papers, he was free to request them from the Clerk of Court and pay for them.[11]

Plaintiff's Remaining Arguments

Plaintiff makes numerous additional arguments, including that removal violates his rights to equal protection and access to court; implicates principles of federalism, comity, and a plaintiff's forum right; results in an inconvenient forum; and precludes him from appealing because he is a "three-strike" litigant under 28 U.S.C. § 1915(g) who is barred in the future from proceeding in forma pauperis.

This court's jurisdiction over a removed prisoner action is not defeated by § 1915(g). Lloyd v. Benton, 686 F.3d 1225, 1227 (11th Cir. 2012) (concluding that Prison Litigation Reform Act did not deprive district court of its original jurisdiction over "three strikes" inmate's § 1983 action, which had been properly removed by defendants, and thus district court's remand of action to state court was inappropriate); *accord* Lisenby v. Lear, 674 F.3d 259, 262–63 (4th Cir. 2012). The Lloyd court cautioned that "[t]he Supreme Court has held that district courts lack authority 'to revise the federal

_____

[11] Plaintiff may purchase copies from the court at the cost of $.50 per page. Defendants also offered to provide copies to Plaintiff at the rate of $0.15 per page (doc. 6 at 2).

statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'" Lloyd, 686 F.3d at 1227–28 (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976), *abrogated on other grounds by* Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714–15, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)). Indeed, the court was clear that "a district court exceeds its authority when it remands a federal claim 'on grounds not provided for in the controlling [removal] statute.'" *Id.* at 1228 (quoting In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996)).

In the instant case, there is no dispute that original federal question jurisdiction lies. Moreover, this court has concluded that Defendants have adequately complied with the procedural requirements for removal. The court has no authority to remand this case on grounds that are not recognized by the controlling removal statute, and its jurisdiction is not defeated by § 1915(g). Lloyd, 686 F.3d at 1227. Remand therefore is not appropriate on the additional grounds asserted by Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for remand (doc. 12) be **DENIED**.

At Pensacola, Florida this 4ᵗʰ day of November 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**